UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

In Re:

James Fall Flowers & Produce, LTD

    Debtor(s)

**JUDGE RICHARD L. SPEER**

Case No. 12-30400

### DECISION AND ORDER

This cause comes before the Court on the Motion for Relief From Stay and Abandonment filed by the Farmers and Merchants State Bank. (Doc. No. 11). On February 29, 2012, a Hearing was held on these matters, at which time the Court orally granted the Movant's Motion, effective at 1:19 P.M. Pursuant to Bankruptcy Rule 7052 and 9014, the following constitutes this Court's findings of fact and conclusions of law.

### FACTS

On February 7, 2012, the Debtor, James Fall Flowers & Produce, LTD, filed a petition in this Court for relief under Chapter 12 of the United States Bankruptcy Code. Prior to the commencement of this case, an affiliate of this Debtor, James Edward Fall, had been before this Court in two separate cases filed under Chapter 11 of the Code.[1]

---

[1] Under 11 U.S.C. § 101(2), the term "affiliate" means an "entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . ." Based on this definition, and given this Court's understanding that the Debtor, James Fall Flowers & Produce, LTD, is completely controlled and owned by James Fall and his wife, the term Debtor herein may, depending on its context, refer to the business entity or the individual.

**In re: James Fall Flowers & Produce, LTD**
**Case No. 12-30400**

The first case, filed on June 10, 2008, was ultimately dismissed by the Court on January 8, 2009. (Case No. 08-33018).[2] For this decision, the Court set forth four grounds giving rise to "cause" for the dismissal of the case under 11 U.S.C. § 1112(b)(1):

(1) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;

(2) gross mismanagement of the estate;

(3) unauthorized use of cash collateral substantially harmful to 1 or more creditors;

(4) failure to comply with an order of the court.

These findings were affirmed on appeal. (Case No. 3:09CV304, J. Carr).

The Debtor's second case was filed on January 27, 2010. (Case No. 10-30375). In this case, the Court confirmed the Debtor's proposed plan of reorganization on May 6, 2011. At the time the instant case was filed, no final decree had been issued in this prior case pursuant to Bankruptcy Rule 3022,[3] and thus the prior case remains administratively opened.

In each of the prior cases, as well in the case now before the Court, the Debtor owned a parcel of real property with this address: 4919 South Avenue, Toledo, Ohio 43619. During the pendency of all three bankruptcy cases, the Movant, the Farmers and Merchants State Bank (hereinafter the "Movant"), held a mortgage interest in this property. Also, as is the situation in this present case, in

---

[2] Rose R. Fall, the wife of James Fall was also a debtor in this case.

[3] After an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case.

Page 2

In re: James Fall Flowers & Produce, LTD
Case No. 12-30400

the prior two bankruptcy cases, the Movant sought relief from the automatic stay imposed by 11 U.S.C. § 362(a). The circumstances regarding these prior motions are as follows:

In the Debtor's first bankruptcy case, the Movant filed its Motion for relief from stay on August 22, 2008. The information submitted with the Motion set forth these facts:

| | |
|---|---|
| Date of Loan: | April 15, 2005 |
| Face Amount of Loan: | $250,000.00 (loan #1 $115,000.00 and loan #2 $135,000.00) |
| Principal at time of filing: | $315,988.57 |
| Value of Collateral: | $292,100.00 |

On November 26, 2008, the Court, after continuing the matter a number of times, granted the Movant relief from stay.

In the Debtor's second bankruptcy case, the Movant filed its Motion for relief from stay on April 9, 2010. The information submitted with the Motion set forth these facts:

| | |
|---|---|
| Date of Loan: | April 15, 2005 |
| Face Amount of Loan: | $250,000.00 (loan #1 $115,000.00 and loan #2 $135,000.00) |
| Principal at time of filing: | $279,183.51 |
| Value of Collateral: | $350,000.00 |
| Date of Last Payment: | November 20, 2006 on loan #1<br>September 26, 2006 on loan #2 |

On May 11, 2010, the Court granted the Movant relief from stay.

Page 3

**In re: James Fall Flowers & Produce, LTD**
**Case No. 12-30400**

On February 14, 2012, the Movant filed the motion now before the Court, seeking relief from stay and abandonment. The information submitted with the Motion set forth these facts:

| | |
|---|---|
| Date of Loan: | November 23, 2010 |
| Face Amount of Loan: | $421,147.31 |
| Principal at time of Motion: | $423,324.39 |
| Value of Collateral: | $390,000.00 |
| Date of Last Payment: | May 11, 2011 |

Concerning the creation of this loan, it was represented to the Court that in the Debtor's prior bankruptcy case, as a part of the confirmation of his plan, the Movant agreed to redo its loan with the Debtor.

At the Hearing held in the instant matter on the Movant's Motion for Relief from Stay and Abandonment, these additional facts were presented to the Court regarding the Debtor's '4919 South Avenue' property. After confirmation of the Debtor's plan of reorganization in the prior Chapter 11 case, the property was sold to the Debtor through a foreclosure process for the sum $133,400.00. (Doc. No. 19). Through this sale, and from the sale of other property owned by the Debtor, real estate taxes were brought current on the South Avenue property; as well, on May 11, 2011, the Movant received a payment of $36,872.48 on its loan. Since the time of these transactions, however, no payments have been made to the Movant; nor have real estate taxes accruing against the property been paid.

When the Debtor commenced this Chapter 12 case on February 7, 2012, the South Avenue property was scheduled for an imminent sale through a state court foreclosure action. On February 14, 2012, with the foreclosure action having been stayed by this bankruptcy case, 11 U.S.C. § 362(a),

Page 4

the Movant filed the Motion now before the Court, seeking relief from stay and abandonment. (Doc. No. 11). After the filing of this Motion, the Debtor filed his bankruptcy schedules and statement of financial affairs. (Doc. No. 15).

In these documents filed with the Court, the Debtor set forth that he did not presently have any income. In addition, the Debtor did not disclose the existence of any inventory. *Id*. In terms of assets, the Debtor represented in its schedules that he did not have any personal property and that his real property consisted entirely of his property at 4919 South Avenue, which was valued at $133,334.00. In terms of liabilities, the Debtor disclosed in its schedules a single secured claim to the Movant in the amount of $421,147.00, and $11,781.63 in unsecured liabilities, representing unpaid real estate taxes.[4]

## DISCUSSION

This cause comes before the Court on the Motion of the Movant, the Farmers and Merchants State Bank, for Relief from Stay and Abandonment. Pursuant to 28 U.S.C. § 157(b)(2)(G), "motions to terminate, annul, or modify the automatic stay" are deemed to be core proceedings. As well, "matters concerning the administration of the estate" are deemed to be core proceedings pursuant to 28 U.S.C. § 157(b)(2)(A). Accordingly, on the Movant's Motion, this Court has jurisdiction to enter final orders and judgments. 28 U.S.C. § 157(b)(1).

Upon the commencement of a bankruptcy case, an automatic stay arises. 11 U.S.C. § 362(a). The scope of the stay is broad and operates to enjoin essentially any act, whether the commencement or continuation thereof, by a creditor to collect on a prepetition claim. *In re Harchar*, 393 B.R. 160,

---

[4] The outstanding real estate taxes are likely a first and best lien. O.R.C. § 5721.10.

Page 5

In re: James Fall Flowers & Produce, LTD
Case No. 12-30400

167 (Bankr. N.D.Ohio 2008). The automatic stay, however, does not continue in perpetuity, and a party in interest may come before the Court to seek relief from the stay. 11 U.S.C. § 362(c), (d).

Section 362(d) sets forth four overall grounds under which a creditor may obtain relief from the automatic stay. In this matter, the Movant relies on the first two grounds set forth in § 362(d) as the basis for its Motion for Relief from Stay. These grounds, set forth in paragraphs (1) and (2) of § 362(d), provide:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> >
> > (2) with respect to a stay of an act against property under subsection (a) of this section, if—
> >
> > > (A) the debtor does not have an equity in such property; and
> > >
> > > (B) such property is not necessary to an effective reorganization[.]

As first set forth in § 362(d)(1), relief from the automatic stay may be accorded to a party for "cause." In *Laguna Assocs. Ltd. P'ship v. Aetna Cas. & Sur. Co. (In re Laguna Assocs. Ltd. P'ship)*, the Sixth Circuit Court of Appeals held that, for purposes of § 362(d)(1), "cause" will exist to lift the automatic stay when it is found that a debtor did not file their bankruptcy in good faith. 30 F.3d 734, 738 (6th Cir.1994).

Page 6

In re: James Fall Flowers & Produce, LTD
Case No. 12-30400

In assessing whether a petition was filed with a lack of good faith, the Court in *Laguna* held that, while no single factor is dispositive, the following considerations should be utilized in assessing the matter:

(1) the debtor has one asset;

(2) the pre-petition conduct of the debtor has been improper;

(3) there are only a few unsecured creditors;

(4) the debtor's property has been posted for foreclosure, and the debtor has been unsuccessful in defending against the foreclosure in state court;

(5) the debtor and one creditor have proceeded to a standstill in state court litigation, and the debtor has lost or has been required to post a bond which it cannot afford;

(6) the filing of the petition effectively allows the debtor to evade court orders;

(7) the debtor has no ongoing business or employees; and

(8) the lack of possibility of reorganization.

*Id.* (citations omitted). Most of these considerations are present, and weigh toward a finding that the Debtor did not file its petition in good faith. [5]

---

[5]

It also did not go unnoticed to the Court that this case has some close parallels to *Laguna*. In *Laguna*, the Sixth Circuit Court of Appeals found that a creditor of a one-asset entity, created on the eve of foreclosure in order to isolate an insolvent property, was entitled to relief from the automatic stay because the debtor had filed the case in bad faith. For this finding, the Sixth Circuit observed that the one-asset entity was "not engaged in an ongoing business, lacked a sufficient cash flow, had few unsecured creditors, and claimed as its sole asset a heavily encumbered property." 30 F.3d 734, 738 (6th Cir.1994).

Page 7

**In re: James Fall Flowers & Produce, LTD**
**Case No. 12-30400**

First, consistent with the first and third considerations, the Debtor only has one major asset – his property at 4919 South Avenue – and the unpaid tax obligation for the property constitutes his only unsecured obligation. Second, as set forth in considerations four and six, the Debtor's bankruptcy filing was based upon the imminent foreclosure of the South Avenue property by the Movant.

Questions also exist as to the feasibility of any plan that would be put forth by the Debtor. At the present time, the Debtor has no income, hence, no ongoing business concern. The Debtor also lacks any inventory from which he could presently generate any immediate sales. Consequently, both the seventh and the eight considerations, above, bend toward lifting the stay.

When a party requests relief from the stay, § 362(g) provides:

In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section–

>  (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and

>  (2) the party opposing such relief has the burden of proof on all other issues.

Consistent with the provision, it generally recognized that a creditor seeking relief from the stay under § 362(d)(1) bears the initial burden of making a *prima facie* case of "cause" for lifting the stay, but that the ultimate burden of persuasion rest with the debtor to show that relief from the stay is not appropriate. *Matter of Laguna Assoc. Ltd. Partnership*, 147 B.R. 709, 714 (Bankr. E.D.Mich.1992). Given the considerations just discussed, the Movant has made a *prima facie* showing that it is entitled to relief from the stay of § 362(a). The Debtor, as now explained, failed to refute this showing.

Page 8

In re: James Fall Flowers & Produce, LTD
Case No. 12-30400

In arguing that no "cause" exists to lift the automatic stay of § 362(a), the Debtor's position relies on this contingency: A favorable ruling from a future valuation hearing to be conducted by the Court. In this regard, the Debtor predicates the success of its Chapter 12 case on the value of its South Avenue property being set at its former sale price of $133,400.00, or close thereto, and then being able to "cramdown" the Movant's secured interest to the lower value, treating then the Movant's remaining claim as unsecured. *See* 11 U.S.C. § 1222(b)(2).

Most debtors who seek to reorganize their financial affairs through the bankruptcy process necessarily rely on the hope that some future contingencies will come to pass. Thus, alone, the Debtor's reliance on a future contingency is not problematic. Other circumstances, however, show that it would be inequitable to allow the stay to continue against the Movant.

First, and foremost, is this deficiency: the Debtor has not, in the ordinary course, made any payments to the Movant since September of 2006, a period of over five years. Instead, the only remuneration the Movant has received on its claim since 2006 was a one time payment of $36,872.48, occurring when the Debtor sold some of his holdings so as to enable him to effectuate a plan of reorganization in his prior bankruptcy case. There is also no reason to suppose that in the near future the Debtor will be able to begin making meaningful ordinary course payments. As stated above, the Debtor does not presently have any income, or inventory to generate income.

The Debtor's inability and failure to make ordinary course payments is also not confined to the Movant. The facts presented to the Court show that the Debtor has not, for some time, paid the real estate taxes on the South Avenue property in the ordinary course. Besides again raising serious doubts as to its ability to reorganize, the Debtor's ongoing failure to pay the real estate taxes would also appear to provide an independent basis to dismiss this case for cause under § 362(d)(1).

Page 9

In re: James Fall Flowers & Produce, LTD
Case No. 12-30400

Section 362(d)(1) defines "cause" to include a lack of adequate protection. A secured creditor, such as the Movant, will not be adequately protected where their interest in their collateral is decreasing in value. In Ohio, unpaid real estate taxes constitute a first lien on property. O.R.C. § 5721.10. As a result, the Debtor's failure, and continuing inability, to pay real estate taxes on the South Avenue property is impairing the Movant's interest in the property, and thus further supports lifting the stay as to the Movant. *In re James River Associates*, 148 B.R. 790, 797 (E.D.Va.1992) (a priming lien constitutes a deterioration in a secured creditor's adequate protection).

Finally, the Debtor's history before the Court casts doubt on the future success of this case. This is the Debtor's third case before the Court in a period of less than four years. In the first case commenced before the Court serious deficiencies arose in the Debtor's handling of the case, necessitating its dismissal.

In the second case brought before the Court, the Debtor did manage to have a plan confirmed by the Court. However, less than one year after having his plan confirmed, and with the case still administratively open, the Debtor then filed this bankruptcy case, thereby raising serious questions as to representations made by the Debtor. For example, in advocating for the confirmation of his Chapter 11 plan, the Debtor represented, and the Court made a finding therefrom, that the confirmation of his plan would not be followed by the need for any further financial reorganization. *See* 11 U.S.C. § 1129(a)(11). Given those circumstances discussed, there is nothing to indicate that this case would be any different.

Therefore, for all these reasons, the Court finds that, for purposes of § 362(d)(1), "cause" exists to relieve the automatic stay as to the Movant. The four grounds providing for relief from stay as set forth in § 362(d), including those two grounds relied upon by the Movant under paragraphs (1) and (2), are read in the disjunctive. Thus, relief from the automatic stay may be predicated, and the entry of relief is mandatory, upon a finding that either paragraph is applicable. *In re Franklin*

Page 10

**In re: James Fall Flowers & Produce, LTD**
**Case No. 12-30400**

*Equip. Co.*, 416 B.R. 483, 529 (E.D.Va.2009); *In re Indian Palms Associates Ltd. v. California Federal Bank*, 61 F.3d 197, 208 (3rd Cir.1995) (finding that relief is mandatory, observing that the introductory language of § 362(d) provides that "the court shall grant relief."). Accordingly, having found that the Movant is entitled to relief from stay under § 362(d)(1), the Court will not address the Movant's reliance on § 362(d)(2).

One final matter needs to be addressed. In its Motion for relief from stay, the Movant also asked that the estate's interest in the property at 4919 South Avenue be abandoned. Pursuant to 11 U.S.C. § 554(b), property may be abandoned from the estate when the property "is of inconsequential value and benefit to the estate." Because the Debtor's interest in the 4919 South Avenue is, according to its own figures, completely encumbered, and with the Movant being entitled to relief from the stay to enforce its interest in the property, abandonment of the South Avenue property from the estate is appropriate under 11 U.S.C. § 554(b).

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

In re: James Fall Flowers & Produce, LTD
Case No. 12-30400

Accordingly, it is

***ORDERED*** that, effective on February 29, 2012, at 1:19 P.M., the Motion of the Farmers and Merchants State Bank for Relief From Stay and Abandonment, be, and is hereby, GRANTED

***IT IS FURTHER ORDERED*** that, pursuant to 11 U.S.C. § 362(d)(1), the automatic stay of 11 U.S.C. § 362(a) is hereby terminated with respect to the Farmers and Merchants State Bank.

***IT IS FURTHER ORDERED*** that, pursuant to 11 U.S.C. § 554(b), the Chapter 12 Trustee is directed to abandon any and all interests held by the Farmers and Merchants State Bank in estate property.

Dated: March 2, 2012

_____
Richard L. Speer
United States
Bankruptcy Judge

Page 12

# CERTIFICATE OF SERVICE

Copies were mailed this 2nd day of March, 2012 to:


James Fall Flowers & Produce, Ltd
4919 South Avenue
Toledo, OH 43615

Raymond L Beebe
Raymond L Beebe Co LPA
1107 Adams St
Toledo, OH 43604

Farmers & Merchants State Bank
307-11 N. Defiance Street
P.O. Box 216
Archbold, OH 43502

John J Hunter, Jr.
1700 Canton Ave
Canton Sq #1
Toledo, OH 43604

Suzanne Cotner Mandros
4443 Indian Road
Toledo, OH 43615


         /s/Diana Hernandez
Deputy Clerk, U.S. Bankruptcy Court